UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Arthur W. Kennedy, ) | Civil Action No. 8:13-00871-JMC |
| Plaintiff, ) | |
| v. ) | |
| Techtronic Industries North America, Inc.; ) One World Technologies, Inc.; and Ryobi ) Technologies, Inc., ) | **ORDER AND OPINION** |
| Defendants. ) | |

Plaintiff Arthur W. Kennedy ("Plaintiff") filed this action against Defendants Techtronic Industries North America, Inc. ("TINA"), One World Technologies, Inc. ("OWT"), and Ryobi Technologies, Inc. ("Ryobi"), (collectively "Defendants") alleging claims for strict products liability, negligence, breach of implied warranty of fitness, breach of warranty of merchantability, and reckless, willful or malicious conduct. (ECF No. 1 at 6-11.) Specifically, Plaintiff alleges that he suffered severe and permanent personal injuries to his left hand while using a Ryobi table saw, Model No. BTS10S, Serial No. XX070298797 (the "Ryobi Saw"). (Id. at 3 ¶ 7, 6 ¶ 19.)

This matter is before the court on Defendants' motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) motion") for failure to state a claim or, in the alternative, because it is time-barred by the applicable statute of limitations. (ECF No. 5) Plaintiff opposes Defendants' Rule 12(b)(6) motion in its entirety. (ECF No. 9.) For the reasons set forth below, the court **DENIES** Defendants' Rule 12(b)(6) motion without prejudice.

## I.    RELEVANT BACKGROUND TO PENDING MOTION

On June 20, 2009, Plaintiff was injured while allegedly using a Ryobi Saw. (ECF No. 1

at 6 ¶ 19.) On April 1, 2013, Plaintiff filed an action in this court alleging that he "is a citizen of Ohio," TINA "is a Delaware corporation with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina 29625," OWT "is a Delaware corporation with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina 29625," and Ryobi "is a Delaware corporation with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina 29625."  (Id. at 1 ¶¶ 1-2, 2 ¶¶ 3-4.) Plaintiff further alleged that the court "has personal jurisdiction over Defendants because Defendants have their principal place of business in Anderson, South Carolina[]" and "[v]enue is proper in the Court because Defendants have their principal place of business in Anderson, South Carolina."  (Id. at 2 ¶¶ 5-6.)

On April 25, 2013, Defendants filed their Rule 12(b)(6) motion regarding the complaint. (ECF No. 5.)  In their motion, Defendants assert that Plaintiff's complaint should be dismissed because he lacks capacity to assert his claims in South Carolina against Defendants under South Carolina's Door Closing Statute (the "Door Closing Statute"), S.C. Code Ann. § 15-5-150 (2005).  (Id.)  Alternatively, Defendants argue that the court should dismiss the complaint because "Plaintiff's personal injury claims are also barred under South Carolina's three-year statute of limitations."  Plaintiff filed opposition to Defendant's Rule 12(b)(6) motion on May 13, 2013, to which Defendants filed a reply in support of dismissal of the complaint on May 23, 2013.  (ECF Nos. 9, 10.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     Dismissal Pursuant to the Door Closing Statute

Defendants move to dismiss the complaint on the basis that the Door Closing Statute precludes Plaintiff from maintaining an action in South Carolina.  (ECF No. 5.)  Defendants

2

argue that the Door Closing Statute bars Plaintiff's action because he is a foreign citizen seeking to maintain an action that arose outside of South Carolina against Defendants that are incorporated under the laws of Delaware.  (ECF No. 5-1 at 2.)

The Door Closing Statute provides that "[a]n action against a corporation created by or under the laws of any other state, government or country may be brought . . . (1) By any resident of this State for any cause of action; or (2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State." S.C. Code Ann. § 15–5–150 (2005).  "Pursuant to the Door Closing Statute, a non-South Carolina resident cannot bring an action in South Carolina when the cause of action did not arise within South Carolina."  Snell v. Golden Rule Ins. Co., C/A No. 6:08–3555–MHM, 2009 WL 185723, at *2 (D.S.C. Jan. 23, 2009).  Moreover, "federal courts sitting in diversity must apply section 15–5–150 unless countervailing federal interests preclude its application."  Tuttle Dozer Works, Inc. v. Gyro–Trac, Inc., 463 F. Supp. 2d 544, 549 (D.S.C. 2006).

Upon review, the court observes that there is not any dispute that Defendants are foreign corporations created by or under the laws of Delaware.  However, the complaint does not support Defendants' assertion that "the subject accident occurred in Ohio."  (ECF No. 5-1 at 1-2.)  In this regard, the allegations in the complaint do not support even an inference that Plaintiff's claim arose outside of South Carolina.  As a result, the court is not persuaded that it should preclude Plaintiff's action by granting Defendants' Rule 12(b)(6) motion pursuant to the Door Closing Statute.  See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint.") (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) ("A motion to dismiss under Rule 12(b)(6) .

3

. . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). Accordingly, Defendants' Rule 12(b)(6) motion based on the Door Closing Statute must be denied.

B.    Dismissal Pursuant to the Statute of Limitations

Defendants move to dismiss the complaint arguing that Plaintiff's claims are time-barred because the applicable statute of limitations is three (3) years and Plaintiff filed this lawsuit three (3) years, nine (9) months, and thirteen (13) days after his injury. (ECF No. 5-1 at 6.)

A defendant can raise a statute of limitations affirmative defense in a motion under Fed. R. Civ. P. 12(b)(6). See El Hadidi v. Intracoastal Land Sales, Inc., Civil Action No. 4:12–cv–00535–RBH, 2013 WL 625575, at *2 (D.S.C. Feb. 20, 2013). A statute of limitations defense must "clearly appear[] on the face of the complaint." Richmond, Fredricksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993). In other words, the complaint must clearly "allege all facts necessary to the affirmative defense." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (citing Forst, 4 F.3d at 250). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

The statute of limitations relevant to Plaintiff's claims is established in S.C. Code Ann. § 15-3-530(5), which provides that the three (3) years statute of limitations is applicable to "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15-3-545 (medical malpractice); . . . ." S.C. Code Ann. § 15-3-530(5) (1988). However, the statute of limitations in South Carolina as to products liability claims may be extended by the discovery rule, which provides that an

4

action "must be commenced within three (3) years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C. Code Ann. § 15-3-535 (1988). Therefore, the court must determine when Plaintiff knew or reasonably should have learned of facts that would have given him an indication that his injuries had been caused by an allegedly defective product.

> In the complaint, Plaintiff alleges the following:
>
> [I]t has been less than three years since Plaintiff knew or by the exercise of reasonable diligence should have known that he had a cause of action. More specifically, Plaintiff did not know, nor should he have known through the exercise of reasonable diligence, of the defects in the Ryobi Saw until he viewed a television advertisement advising him of such sometime in 2012. Prior to that time, he was not aware, nor should he have been aware through the exercise of reasonable diligence, that the Ryobi Saw was defective due to a lack of flesh detection technology and/or a riving knife. Prior to that time, he was not aware of the existence of a safer alternative design to the Ryobi Saw. Despite the exercise of reasonable diligence, it was not until sometime in 2012 that Plaintiff knew or reasonably should have known of the existence of potential defects in the Ryobi Saw and of Defendants' negligence and breaches of warranty.
>
> Moreover, the mere circumstances of his accident - an injury due to contact between his hand and the spinning blade of a table saw - did not alert Plaintiff to the potential existence of a defect in the Ryobi Saw.

(ECF No. 1 at 11 ¶ 36-12 ¶ 37.) Accepting as true these well-pleaded allegations and viewing the complaint in a light most favorable to Plaintiff, the court finds that Plaintiff had knowledge or constructive notice of the allegedly defective nature of the Ryobi Saw in 2012. Therefore, the complaint was timely filed on April 1, 2013 within the applicable three (3) year statute of limitations. Accordingly, Defendants' Rule 12(b)(6) motion based on the statute of limitations must be denied because the allegations in the complaint do not support dismissal based on the applicable three (3) year statute of limitations. Richmond, Fredricksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993) (A statute of limitations defense must "clearly appear[] on the face of the complaint.").

### III.     CONCLUSION

Upon careful consideration of the complaint and the arguments of the parties, the court hereby **DENIES** without prejudice the motion to dismiss of Defendants Techtronic Industries North America, Inc., One World Technologies, Inc., and Ryobi Technologies, Inc.  (ECF No. 5.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 10, 2014
Greenville, South Carolina